John Shepley & *al. versus* Joseph Waterhouse & *al.*

A new promise, made by one of two joint and several promisors, before the Rev. Stat. went into effect, will take the case out of the operation of the statute of limitations as to both, although the new promise was made by a principal, when the other promisor was a surety.

The parties agreed on a statement of facts.

The suit was commenced May 3, 1842, on a note for $28,84, dated Feb. 8, 1830, payable to the plaintiffs in sixty days with interest, given jointly and severally by Waterhouse as principal, and by Hersey as surety. On August 8, 1836, an agreement was signed by Waterhouse, on the back of the note as follows: " August 8, 1836. I agree to pay the within. Joseph Waterhouse." Waterhouse is defaulted. Hersey pleads the general issue, and by brief statement the statute of limitations. If the action can be maintained against Hersey, he is to be defaulted; and if not, his name is to be stricken from the writ, and he is to recover costs.

*J. Shepley,* for the plaintiffs, said that the Rev. Stat. had no application to this case. c. 146, § 27.

He considered the law to be well settled, that the new promise of one of two joint and several promisors will take the case out of the operation of the statute of limitations as to both. *Getchell* v. *Heald,* 7 Greenl. 26 ; *Greenleaf* v. *Quincy,*

3 Fairf. 14; *Pike* v. *Warren*, 3 Shepl. 390; *Dinsmore* v. *Dinsmore*, 8 Shepl. 433; *Hunt* v. *Bridgham*, 2 Pick. 581; *White* v. *Hale*, 3 Pick. 291; *Frye* v. *Barker*, 4 Pick. 382; *Sigourney* v. *Drury*, 14 Pick. 387; *Johnson* v. *Beardslee*, 15 Johns. R. 3. The English cases on the subject have been called to the attention of the respective Courts in the cases above cited. The law is now altered by statute in England, New York, Massachusetts and Maine.

The fact that Hersey appears on the note to be a surety, makes no difference. As it respects the creditor, there is no difference between principal and surety. He may collect the whole debt of the surety, if both are able to pay. The creditor may discharge a surety, or one of several joint promisors, by certain acts, but mere delay will not have that effect. The new promise of the principal was held to take the case out of the operation of the statute as to the surety in *Hunt* v. *Bridgham*, in *Frye* v. *Barker*, and in *Sigourney* v. *Drury*, already cited.

*M. Emery*, for the defendants, contended that all the cases cited for the plaintiffs grew out of the old rules of construction adopted by the Courts, which made the statute of limitations equivalent only to a presumption of payment, which might be rebutted, like any other presumption of law. The Courts have now given up this old rule of construction, and hold that there must be a new promise, express or implied; and that such new promise is a new cause of action. *Little* v. *Blunt*, 9 Pick. 488; *Cambridge* v. *Hobart*, 10 Pick. 232; *Pray* v. *Garcelon*, 5 Shepl. 145; *M'Lellan* v. *Allbee*, ib. 184; *Bell* v. *Morrison*, 1 Peters, 351; Story on Partnership, 462, and note; *Manson* v. *Felton*, 13 Pick. 206; 2 M'Cord, 5.

The cases cited for the plaintiffs were occasioned by the decision in *Whitcomb* v. *Whiting*, 2 Dougl. 650. But this case has been overruled. 6 N. H. R. 124; 1 Peters, 351, before cited. Story on Partnership, 461. The contract of a surety is to be construed strictly. *Miller* v. *Stewart*, 9 Wheat. 680.

The promise in this case does not purport to be the promise of both, but that of Waterhouse alone, and cannot bind Hersey.

The opinion of the Court, SHEPLEY J. taking no part in the decision, was drawn up by

TENNEY J. — The note declared on was barred by the statute of limitations, when one of the makers by a writing by him signed in 1836, promised to pay the same. The other maker denies, that the promise revived the note as to him, who had no knowledge thereof. The question involved in this case has been much discussed, and different Courts and Judges have entertained different opinions thereon. In *Whitcomb* v. *Whiting*, 2 Dougl. 652, Lord Mansfield is reported to have said, "payment by one is payment for all, the one acting virtually as the agent of the rest. And in the same manner an admission by one is an admission by all." This decision has been treated in England as a binding authority to the time, when the statute of 9 Geo. 4, c. 14, was enacted, though it appears that it has not in every respect commended itself to all the Judges who have had questions somewhat analogous under consideration. In *Bell* v. *Morrison*, 1 Peters, 351, the Supreme Court of the United States say, " the reasoning of Lord Mansfield," in *Whitcomb* v. *Whiting*, " is certainly not very satisfactory," and overrule the decision.

The Courts in Massachusetts have, however, in numerous cases, adopted the English doctrine. Similar decisions have been pronounced in New York. In this State, the Courts have uniformly held, that a note by several makers, barred by the statute of limitations, is revived against all, by a new promise of one. The subject was fully examined in *Dinsmore* v. *Dinsmore*, 21 Maine R. 433, and former decisions of this State confirmed. Future cases of the kind will rest upon different principles, by reason of the provision in c. 146, $\S$ 27, of the Revised Statutes, which is similar to the English statute referred to, but it can have no application to the case before us.

*Defendant Hersey must be defaulted.*